UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DESHATIN N. MOTLEY,

    Petitioner,

  v.

ERIN REYES,

    Respondent.

Case No. 2:24-cv-02085-AA

**OPINION AND ORDER**

AIKEN, District Judge.

    Petitioner brings this federal habeas action pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds that his counsel provided ineffective assistance during plea negotiations and the prosecution withheld favorable evidence. Respondent contends that the Petition is untimely and that Petitioner's claims are procedurally defaulted and lack merit. Petitioner did not seek federal habeas relief within the one-year statute of limitations and his claims do not entitle him to federal habeas relief. Accordingly, the Petition is denied.

1 - OPINION AND ORDER

## **DISCUSSION**

On January 3, 2017, Petitioner pled no contest to one count of Attempted Aggravated Murder and two counts of Robbery in the First Degree; in return, the State dismissed eleven counts charging Petitioner with Robbery in the First Degree, Robbery in the Second Degree, Unlawful Use of a Firearm, and Felon in Possession of a Firearm. Resp't Exs. 108-110; *see also* Resp't Exs.104-05 (indictments returned against Petitioner). The trial court imposed a stipulated sentence totaling 140 months of imprisonment, and Petitioner appealed. Resp't Ex. 102 at 6-10; Resp't Ex. 103 at 5-8; Resp't Ex. 111 at 8-10; Resp't Ex. 114.

Upon motion by Petitioner, the trial court entered a modified judgment (with no change to Petitioner's sentence of imprisonment) and Petitioner filed a Notice of Probable Mootness with the Oregon Court of Appeals. Resp't Ex. 102 at 1-5; Resp't Ex. 103 at 1-4; Resp't Exs. 115, 117. On June 29, 2018, the Court of Appeals issued an Order of Dismissal and Judgment dismissing the appeal as moot. Resp't Exs. 118, 119. Petitioner did not petition the Oregon Supreme Court for review.

On April 1, 2019, Petitioner sought post-conviction relief (PCR) in state court. Resp't Ex. 121. In an amended PCR petition, Petitioner alleged that his counsel failed to utilize Petitioner's mental health evaluation during plea negotiations to obtain a more favorable plea agreement. Resp't Ex. 122. The PCR court denied relief, finding that Petitioner's "counsel did use the mental health evaluation during plea negotiations and secured a 10-month reduction in the state's plea offer." Resp't Ex. 132 at 2. The Oregon Court of Appeals affirmed in a memorandum opinion, and the Oregon Supreme Court denied review. Resp't Exs. 136, 138.

Petitioner now seeks federal habeas relief. Respondent maintains that the Petition should be denied because Petitioner's claims are untimely and lack merit.

Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, when direct review proceedings have concluded. *Id.* § 2244(d)(l)(A). The limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A state application for post-conviction relief is no longer pending when "no other state avenues for relief remain open." *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Petitioner's conviction became final on August 3, 2018, thirty-five days after the Oregon Court of Appeals dismissed Petitioner's direct appeal, and the statute of limitations began to run on that date. Resp't Exs. 118-19; Or. R. App. P. 9.05(2)(a) (allowing 35 days to seek review with the Oregon Supreme Court). The statute of limitations ran for 241 days before Petitioner filed his state PCR petition on April 1, 2019. Resp't Ex. 121.[1]

The limitations period was tolled, or stopped, during the pendency of Petitioner's PCR proceeding. 28 U.S.C. § 2244(d)(2). Petitioner unsuccessfully appealed the denial of PCR relief, and on July 18, 2024, the Oregon Supreme Court denied review. Resp't Ex. 138. Petitioner had 14 days to seek reconsideration of the order denying review. Or. R. App. P. 9.25(1) ("A party

---

[1] Although Petitioner's PCR petition is dated February 13, 2019 and was signed before a notary on March 5, 2019, Oregon has rejected the "mailbox rule" and the limitations period did not begin to toll until the state court received the petition on April 1, 2019. *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (federal courts look to state law to determine state post-conviction filing requirements); *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002).

**3 - OPINION AND ORDER**

seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the decision."). Petitioner did not move for reconsideration and no other avenues of relief remained available to him. Thus, the statute of limitations restarted on August 1, 2024.

The statute of limitations ran for another 137 days before Petitioner signed his federal habeas Petition on December 16, 2024. *See* Pet. at 9. In total, the statute of limitations ran for 378 days, beyond the one-year (365-day) statute of limitations, and the Petition is untimely. Petitioner did not file a supporting brief and presents no argument to support equitable tolling or another basis to excuse the untimeliness of his Petition.

Petitioner's grounds for review also lack merit. In Ground One, Petitioner alleges that the State never proposed a 150-month plea offer and that his counsel failed to use Petitioner's "mental health" to seek a lower sentence. The PCR court rejected this claim and the Oregon Court of Appeal affirmed:

> Specifically, in negotiations, counsel provided the mental health evaluation to the prosecution and obtained a plea offer that was for 10 months less than the original offer as a result. Because counsel took the action that petitioner faulted him for not taking, petitioner has not established that counsel provided inadequate or ineffective assistance of counsel.

Resp't Ex. 136. Because the Oregon Court of Appeals issued a ruling on the merits, Petitioner is entitled to habeas relief only if he establishes that its decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

On federal habeas review, this Court is bound by a state court's findings of fact. *See* 28 U.S.C. § 2254(e)(1). Given its factual finding that counsel "took the action that petitioner faulted him for not taking," Petitioner cannot show that the Oregon Court of Appeals unreasonably

4 - OPINION AND ORDER

applied clearly established federal law, *Strickland v. Washington*, 466 U.S. 668 (1984), in denying Ground One. Resp't Ex. 136.

In Grounds Two and Three, Petitioner contends that the prosecution withheld favorable evidence and challenges the indictments returned against him. Before seeking federal habeas relief, a petitioner must present his federal constitutional claims to the state's highest court. 28 U.S.C. § 2254(b)(1). Petitioner did not raise Grounds Two or Three on direct appeal or during his PCR proceeding, and he can no longer present these claims to the Oregon courts. Accordingly, Grounds Two and Three are unexhausted and barred from review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court.").

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED, and this action is DISMISSED. A Certificate of Appealability is DENIED on grounds that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 27th day of October, 2025.

       /s/Ann Aiken
      ANN AIKEN
United States District Judge

**5 - OPINION AND ORDER**